IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

ANTOINETTE STIKL and
BILL STIKL,

    Plaintiffs,

v.

Case No.: 25-CV-1921
JURY DEMAND

WALMART INC. and
WAL-MART REAL ESTATE BUSINESS TRUST,

    Defendants.

## NOTICE OF REMOVAL

Defendant Walmart Inc. and Wal-Mart Real Estate Business Trust (collectively "Walmart") hereby removes this action from the Circuit Court for Milwaukee County, Wisconsin to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1332, 1441, 1446, on the grounds that there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000 excluding interest and costs. In support of removal, Walmart states as follows:

**State Court File**

1.    Plaintiffs Antoinette Stikl and Bill Stikl initiated this action by filing a Complaint on October 16, 2025 in the Circuit Court for Milwaukee County, Wisconsin, styled as *Antoinette Stikl, et al. v. Walmart, Inc., et al.*, Case No. 2025-CV-009005 (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a), a complete copy of the file in the State Court Action, including all process, pleadings, and orders served upon Walmart, is attached hereto as **Exhibit A**.

### Removal is Timely

2. Removal is timely pursuant to 28 U.S.C. § 1332(a)(1). There is currently no removal deadline pending because the complaint did not identify removal grounds, i.e., the amount in controversy sufficient for Walmart to determine removal grounds. *See Rock Hemp Corp. v. Dunn*, 574 F. Supp. 3d 624, 628-29 (E.D. Wis. 2021). And Walmart still has not received post-complaint information identifying such removal grounds. As alleged below, however, upon information and belief, the amount in controversy exceeds $75,000 and is thus removable.

### Nature of Plaintiff's Claims

3. Plaintiff asserts causes of action for negligence and violation of Wisconsin's safe place statute (premises liability). Plaintiff alleges she was injured when she tripped and fell at a Walmart in Greenfield, Wisconsin. (*See generally*, State Compl., **Ex. A**.)

### Diversity Jurisdiction

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1).

5. First, upon information and belief, the matter in controversy exceeds $75,000 exclusive of interest and costs.

6. Second, there is complete diversity of citizenship because Plaintiff and Defendants are citizens of different States.

7. Plaintiffs are natural persons, husband and wife, and are citizens of Wisconsin. Their principal residence is located at 13965 West Crawford Drive, New Berlin, Wisconsin 53151 (*See* **Ex. A**, Compl., ¶ 1).

8. Defendant Walmart Inc. is a Delaware corporation, with its principal place of business located at 1 Customer Drive, Bentonville, Arkansas 72716. Therefore, Walmart Inc. is a citizen of Delaware and Arkansas and of no other states. 28 U.S.C. § 1332(c)(1). Walmart Inc. is

a publicly held corporation. Walmart Inc. does not have any parent corporation, and no publicly held corporation owns 10% or more of its stock.

9. Defendant Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of the State of Delaware with its principal place of business located at 1 Customer Drive, Bentonville, Arkansas 72716. The citizenship of a statutory trust is the citizenship of its members, which includes its shareholders. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 39 (3d Cir. 2018). The sole unit/shareholder of Wal-Mart Real Estate Business Trust is Wal-Mart Property Company.

10. Wal-Mart Property Company is a Delaware corporation with its principal place of business in Arkansas. Therefore, Wal-Mart Property Company and Wal-Mart Real Estate Business Trust are citizens of Delaware and Arkansas and of no other states. 28 U.S.C. §1332 (c)(1). Wal-Mart Property Company is also a wholly owned (100%) owned subsidiary of Wal-Mart Stores East, LP.

11. Wal-Mart Stores East, LP is a Delaware limited partnership. The citizenship of a limited partnership, for diversity jurisdiction purposes, is based upon the citizenship of each of its partners. *See Carden v. Arkoma Associates*, 494 U.S. 185, 195-96 (1990). The sole general partner of Wal-Mart Stores East, LP is WSE Management, LLC, and the sole limited partner of Wal-Mart Stores East, LP is WSE Investment, LLC.

12. The citizenship of these LLCs is determined by the citizenship of each of its members. *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC, is an Arkansas limited liability company. The sole member of Wal-Mart Stores East, LLC is Walmart Inc.

## Consent to Removal

13. All defendants consent to removal, as Walmart Inc. and Wal-Mart Real Estate Business Trust are the only Defendants in this action and are both represented by the undersigned counsel.

## Venue

14. Venue in this Court is proper pursuant to 28 U.S.C. § 1446(a) because this Court is the district and division within which the State Court Action is pending.

## Service of Notice

15. A copy of this Notice is being served on all adverse parties and filed with the Clerk of the Milwaukee County Circuit Court pursuant to 28 U.S.C. § 1446(d).

## Preservation of Defenses

16. By filing this Notice, Walmart does not waive, and hereby reserves, its jury demand, and all applicable objections or affirmative defenses to Plaintiffs' Complaint.

**WHEREFORE**, Walmart respectfully requests that this action be removed from the Circuit Court of Milwaukee County to the United States District Court for the Eastern District of Wisconsin.

**WALMART HEREBY DEMANDS A TWELVE (12) PERSON JURY.**

Dated: December 8th, 2025

**GASS TUREK LLC**
*Attorneys for Walmart Inc. and*
*Wal-Mart Real Estate Business Trust*

*s/Joshua I. Bernstein*
Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Joshua I. Bernstein, SBN 1107914
bernstein@gassturek.com
241 North Broadway, Suite 300
Milwaukee, WI 53202
T: 414-223-3300
F: 414-224-6116

4