# EXHIBIT A

FILED
10-16-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV009005
Honorable Paul R Van Grunsven-09
Branch 09

**STATE OF WISCONSIN** **CIRCUIT COURT** **MILWAUKEE**

Antoinette Stikl et al vs. Walmart, Inc. et al

**Electronic Filing Notice**

Case No. 2025CV009005
Class Code: Other-Personal Injury

WALMART, INC.
301 S. BEDFORD ST. SUITE 1
C/O CT CORPORATION SYSTEM, R/A
MADISON WI 53703

Case number 2025CV009005 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: a40827**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4140.

Milwaukee County Circuit Court
Date: October 16, 2025





This form shall not be modified. It may be supplemented with additional material.

UNREDACTED

**STATE OF WISCONSIN** **CIRCUIT COURT** **MILWAUKEE**

**FILED**
**10-16-2025**
**Anna Maria Hodges**
**Clerk of Circuit Court**
**2025CV009005**
**Honorable Paul R Van Grunsven-09**
**Branch 09**

Antoinette Stikl et al vs. Walmart, Inc. et al

**Electronic Filing Notice**

Case No. 2025CV009005
Class Code: Other-Personal Injury

WAL-MART REAL ESTATE BUSINESS TRUST
8040 EXCELSIOR DR SUITE 200
C/O CT CORPORATION SYSTEM, R/A
MADISON WI 53717

UNREDACTED

Case number 2025CV009005 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: a40827**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4140.

Milwaukee County Circuit Court
Date: October 16, 2025


This form shall not be modified. It may be supplemented with additional material.

FILED
10-16-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV009005
Honorable Paul R Van Grunsven-09
Branch 09

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION

ANTOINETTE STIKL and
BILL STIKL
13965 West Crawford Drive
New Berlin, WI 53151,

Plaintiffs,

v. Case No.

WALMART, INC.
a foreign business corporation
c/o CT Corporation System, Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703,

**SUMMONS**

Personal Injury-Other: 30107

WAL-MART REAL ESTATE BUSINESS TRUST
a foreign business corporation
c/o CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717,

Defendants.

---

THE STATE OF WISCONSIN

TO EACH PERSON NAMED ABOVE:

You are hereby notified that the plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this Summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the Court, whose address is Milwaukee County Courthouse, 901 North 9th Street, Milwaukee, WI 53233, and to CANNON & DUNPHY, S.C., plaintiffs' attorneys, whose

address is 595 North Barker Road, P.O. Box 1750, Brookfield, WI 53008-1750. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated at Brookfield, Wisconsin this 16th day of October, 2025.

**CANNON & DUNPHY, S.C.**
Attorneys for Plaintiffs

By: Electronically signed by Attorney Jay M. McDivitt
Jay M. McDivitt
State Bar No. 1107939

**P. O. ADDRESS:**
595 North Barker Road
P. O. Box 1750
Brookfield, WI 53008-1750
Phone: (262) 796-3707
Fax: (262) 796-3717

FILED
10-16-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV009005
Honorable Paul R Van Grunsven-09
Branch 09

STATE OF WISCONSIN : CIRCUIT COURT : MILWAUKEE COUNTY
CIVIL DIVISION

ANTOINETTE STIKL and
BILL STIKL
13965 West Crawford Drive
New Berlin, WI 53151,

Plaintiffs,

v. Case No.

WALMART, INC.
a foreign business corporation
c/o CT Corporation System, Registered Agent
301 S. Bedford Street, Suite 1
Madison, WI 53703,

**COMPLAINT**

Personal Injury-Other: 30107

WAL-MART REAL ESTATE BUSINESS TRUST
a foreign business corporation
c/o CT Corporation System, Registered Agent
8040 Excelsior Drive, Suite 200
Madison, WI 53717,

Defendants.

---

NOW COMES the above-named plaintiffs, by CANNON & DUNPHY, S.C., their attorneys, and as and for their claims for relief, allege and show to the Court as follows:

1. That at all times material hereto, plaintiffs Antoinette Stikl and Bill Stikl are husband and wife, and adult citizens and residents of the State of Wisconsin, who reside at 13965 West Crawford Drive, New Berlin, WI 53151.

2. That at all times material hereto, defendant Walmart, Inc. (hereinafter "Walmart"), was and is a foreign corporation, duly licensed to do business in the State of Wisconsin, with offices of its Registered Agent, CT Corporation System, located at 301 South Bedford Street, Suite

1, Madison, WI 53703; that upon information and belief, at all times material and hereto, said defendant was the owner/operator of the Walmart Supercenter located 10600 West Layton Avenue, Greenfield, WI 53228.

3. That in the alternative, at all times material hereto, defendant Wal-mart Real Estate Business Trust (hereinafter "Wal-mart Trust"), was and is a foreign corporation, duly licensed to do business in the State of Wisconsin, with offices of its Registered Agent, CT Corporation System, located at 8040 Excelsior Drive, Suite 200, Madison, WI 53717; that upon information and belief, at all times material and hereto, said defendant was the owner/operator of the Walmart Supercenter located 10600 West Layton Avenue, Greenfield, WI 53228.

## GENERAL ALLEGATIONS

4. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

5. That on November 16, 2022, plaintiff Antoinette Stikl entered the Walmart Supercenter at 10600 W Layton Ave in Greenfield, WI.

6. Antoinette Stikl tripped and fell over the edge of a rectangular floormat near the entrance, which was already, and/or easily became, bunched/tangled up.

7. That defendants Walmart and/or Wal-mart Trust created a trip hazard by placing, or directing to be placed, floor mats on its premises that have a tendency to easily move, shift, or become bunched/tangled up.

8. That immediately after Antoinette Stikl tripped and fell, an employee and/or agent of defendants Walmart and/or Wal-mart Trust straightened and flattened the subject floor mat out to subsequently remedy the trip hazard.

9. That the negligence of defendants Walmart and/or Wal-mart Trust, as hereinafter alleged, was a cause of permanent injuries and damages sustained by plaintiff Antoinette Stikl, including past and future pain, suffering, disability, and loss of enjoyment of life, past and future medical expenses, and other compensable injuries and damages, all to her damage in an amount to be determined at a trial of this matter.

10. That plaintiffs sustained injuries and damages by reason of the causal negligence on behalf of defendants Walmart and/or Wal-mart Trust, that their claims for relief arise out of the same subject matter, and that plaintiffs join in one action for the purpose of a joint trial on the issues involved, but that each specifically prays for a separate judgment.

**FIRST CLAIM FOR RELIEF - NEGLIGENCE**

11. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

12. That defendants Walmart and/or Wal-mart Trust, through its employees and/or agents, were negligent at and prior to the described incident in that said defendants, among other things, created a trip hazard by placing floormats known to be easily bunched/tangled up in the path of pedestrian traffic, failed to properly inspect, maintain, repair, remove and/or replace the subject bunched/tangled up floormat, failed to warn customers like plaintiff Antoinette Stikl about the hazard created by the floormats, and were otherwise negligent.

13. That the negligence of defendants Walmart and/or Wal-mart Trust, as alleged, was a cause of the fall, injuries, and damages sustained by the plaintiff Antoinette Stikl, as set forth above.

## SECOND CLAIM FOR RELIEF - SAFE PLACE STATUTE VIOLATIONS

14. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

15. That all times material hereto, plaintiff Antoinette Stikl was a frequenter entitled to be on the premises where this incident occurred.

16. That the premises where Antoinette Stikl was injured was a public building and/or place of employment within the meaning of sec. 101.11, Wis. Stat., and that defendants Walmart and/or Wal-mart Trust had a duty pursuant to said statute to furnish and use safety devices and safeguards; to adopt and use methods and processes reasonably adequate to render the premises as safe as its nature reasonably permitted; to construct, repair and maintain said premises, so as to render it safe; and to do every other thing reasonably necessary to protect the life, health, safety and welfare of plaintiff Antoinette Stikl.

17. That defendants Walmart and/or Wal-mart Trust negligently failed to make said premises as safe as its nature reasonably permitted as required by sec. 101.11, Wis. Stat.; that the bunched/tangled up floormat was an unsafe condition associated with defendants Walmart and/or Wal-mart Trust's premises; and that defendants Walmart and/or Wal-mart Trust were otherwise negligent.

18. The negligence of defendants Walmart and/or Wal-mart Trust, as alleged, was a violation of sec. 101.11, Wis. Stat., and was a cause of the fall, injuries, and damages sustained by plaintiff Antoinette Stikl, as set forth above.

**THIRD CLAIM FOR RELIEF –**
**LOSS OF SOCIETY, COMPANIONSHIP AND CONSORTIUM**

19. Reallege and incorporate herein by reference the allegations of the preceding paragraphs.

20. That as a result of defendants Walmart and/or Wal-mart Trust's negligence and violations of Wisconsin's "Safe Place" statute, as alleged, and the injuries and damages sustained by plaintiff Antoinette Stikl, as set forth above, plaintiff Bill Stikl has suffered the loss of his wife's society, companionship and consortium, and other compensable injuries and damages, all to his damage in an amount to be determined at a trial of this matter.

WHEREFORE, the plaintiffs demand judgment as follows:

a. For compensatory damages on behalf of Antoinette Stikl, in an amount to be determined at a trial of this matter;

b. For compensatory damages on behalf of Bill Stikl, in an amount to be determined at a trial of this matter;

c. For all costs, disbursements and actual attorney's fees, and all interest due and owing pursuant to sec. 628.46, Wis. Stat.

d. For such other and further relief as the Court deems just and equitable.

**PLEASE TAKE NOTICE THAT THE PLAINTIFFS DEMAND A TRIAL IN THE ABOVE-ENTITLED ACTION.**

Dated at Brookfield, Wisconsin this 16th day of October, 2025.

**CANNON & DUNPHY, S.C.**
Attorneys for Plaintiffs

By: Electronically signed by Attorney Jay M. McDivitt
Jay M. McDivitt
State Bar No. 1107939

**P. O. ADDRESS:**
595 North Barker Road
P. O. Box 1750
Brookfield, WI 53008-1750
Phone: (262) 796-3707
Fax: (262) 796-3717
Email: jmcdivitt@c-dlaw.com

FILED
12-05-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV009005

STATE OF WISCONSIN CIRCUIT COURT MILWAUKEE COUNTY

ANTOINETTE STIKL and
BILL STIKL,

Plaintiffs,

Case No. 25-CV-9005
Case Code: 30107

v.

WALMART, INC. and
WAL-MART REAL ESTATE BUSINESS TRUST,

Defendants.

# NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Joshua I. Bernstein of Gass Turek LLC appears as counsel for Defendant Walmart Inc., in this action. A copy of all papers in this action should be served upon the undersigned at the address stated below.

Dated: December 5, 2025

**GASS TUREK LLC**

*Attorneys for Defendant Walmart Inc. and Wal-Mart Real Estate Business Trust*

*Electronically signed by Joshua I. Bernstein*
Tamar B. Kelber, SBN 1101802
kelber@gassturek.com
Joshua I. Bernstein, SBN 1107914
bernstein@gassturek.com
241 North Broadway, Suite 300
Milwaukee, Wisconsin 53202
Tel: 414-223-3300
Fax: 414-224-6116